IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| HOUSE OF FORGINGS, LLC,<br><br>Plaintiff<br><br>v.<br><br>NOVO BUILDING PRODUCTS, LLC,<br><br>Defendant. | Civil Action No.<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff House of Forgings, LLC ("House of Forgings" or "Plaintiff") hereby alleges as its Complaint against Defendant Novo Building Products, LLC ("Novo" or "Defendant") as follows:

**INTRODUCTION**

1. This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271, §§ 281 – 285, and § 289. This action arises out of Novo's infringement of House of Forging's U.S. Design Patent No. D953,581 ("the '581 Patent").

**PARTIES**

2. House of Forgings is a Texas limited liability company with its principal place of business at 353 Greens Landing Drive, Houston, Texas 77038.

3. On information and belief, Novo is a Delaware corporation with its principal place of business at 8181 Logistic Drive, Zeeland, Michigan 49464.

4. On information and belief, Novo manufactures, distributes, and sells building products throughout the United States and in this District, including stair components through its L.J. Smith® line of products.

## JURISDICTION AND VENUE

5. This court has original jurisdiction over House of Forging's patent infringement claims under 28 U.S.C. § 1331 and 1338(a).

6. Personal jurisdiction over Novo is proper because it regularly conducts business in Texas and has distributed, offered for sale, and sold products complained of herein in Texas.

7. This Court also has personal jurisdiction over Novo because it has a continuous, systematic, and substantial presence within this judicial district and because it has purposefully availed itself of the rights and benefits of this forum such that it should reasonably anticipate being haled into court in this District.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) – (c) and 1400(b) because Novo has committed acts of infringement by offering for sale and selling the infringing items in this District, and it has a regular place of business in this judicial district. Based upon its pre-suit investigation, House of Forgings has been able to determine that Novo maintain a warehouse and distribution facility in this District and has employees that regularly work in and from locations in this District.

## BACKGROUND

9. House of Forgings is a designer, manufacturer, and distributor of stair and railing products. House of Forgings is an industry leader in the creation of unique and exclusive designs for stair and railing products, and in particular balusters.

10. House of Forgings has invested significantly in the development and design of its distinctive baluster products. House of Forgings' unique and distinctive designs includes its SOHO$^{TM}$ line of balusters, which are shown below.



*House of Forgings' SOHO Balusters*

11. House of Forgings owns all right, title, and interest in the '581 Patent, which is embodied in House of Forgings' SOHO line of balusters. The U.S. Patent & Trademark Office issued the '581 Patent on May 31, 2022. A true and correct copy of the '581 Patent is attached as Exhibit A. The '581 Patent is valid and enforceable.

12. Defendant Novo has infringed the '581 Patent by making, using, selling, offering for sale, and/or importing balusters that embody the claimed design of the '581 Patent, or by enabling or inducing others to commit acts of infringement of the '581 Patent.

13. Defendant's infringing balusters include at least the iron balusters and sleeves identified by Defendant as its Espresso line of balusters and sleeves, examples of which are shown below.



*NOVO's LJ Smith Espresso Balusters*

14. Defendant Novo has profited and continues to profit from the infringement of the '581 Patent.

15. House of Forgings has been and is being damaged by Defendant's infringement of the '581 Patent. House of Forgings is losing profit by Defendant's Infringement. House of

Forgings has also suffered and continues to suffer irreparable injury due to Defendant's infringement for which House of Forgings has no adequate remedy at law.

### COUNT I: INFRINGEMENT OF THE '581 PATENT

16. House of Forgings repeats and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if repeated in full here.

17. On information and belief, Novo has made, used, imported, offered for sale, and/or sold products that infringe the '581 Patent. Novo, through its L.J. Smith® line of products, makes, imports, offers for sale, and has sold the "Espresso" line of balusters and sleeves in the United States (the "Accused Products").

18. Defendant's infringement of the '581 Patent is shown by the comparison below of the Accused Products to the drawings of the '581 Patent.

| USD953,581 | Accused Products |
|---|---|
| FIG. 1 | L.J. Smith |
| | |





19. Novo has directly infringed the '581 Patent by making, using, importing, distributing, offering to sell, and/or selling balusters and components thereof having substantially the same ornamental design as the design claimed in the '581 Patent in violation of 35 U.S.C. §§ 271(a) and 289.

20. Novo has also induced others to infringe the '581 Patent by offering to sell, selling, and or importing balusters and components thereof having substantially the same design as the design claimed in the '581 Patent in violation of 35 U.S.C. §§ 271(b) and 289.

21. The '581 Patent has been public since its issuance on May 31, 2022. Novo has had actual knowledge of the '581 Patent since at least the date on which Novo received a copy of this Complaint.

22. On information and belief, Novo has used, imported, distributed, offered to sell, and/or sold balusters and components thereof to third parties including resellers, installers, and end consumers with the intent that these parties will use, market, offer to sell, and/or sell the products in the United States in a manner that infringes the '581 Patent.

23. On information and belief, Novo knew or should have known that the use, importation, distribution, offering for sale, and selling of the Accused Products by Novo, its resellers, installers, and end consumers, would directly infringe the '581 Patent.

24. Novo's direct and induced infringement of the '581 Patent has caused damage to House of Forgings.

25. Novo's direct and induced infringement has also caused irreparable harm to House of Forgings, and House of Forgings will continue to suffer substantial loss and irreparable injury unless and until Novo is enjoined from its wrongful actions set forth herein.

### PRAYER FOR RELIEF

a. Judgment in favor of House of Forgings that Novo has infringed the '581 Patent;

b. Awarding House of Forgings compensation for any and all damages, injury, or harm pursuant to 35 U.S.C. §§ 284 and 289, together with any pre-judgment and post-judgment interest and costs;

c. Directing an account to determine Novo's profits resulting from its unlawful infringement of the '581 Patent and directing disgorgement of all profits, including any lost profits, that may have been obtained by Novo as a result of its wrongful conduct pursuant to 35 U.S.C. §§ 284 and 289.

d. A preliminary and permanent injunction pursuant to 35 U.S.C. § 283 permanently enjoining Novo from continued infringement of the '581 Patent.

e. A declaration that Novo's infringement was and is willful from the time it became aware of the infringing nature of the Accused Products and an award of enhanced damages

pursuant to 35 U.S.C. § 284 awarded for Novo's willful, wanton, and deliberate infringement or otherwise;

 f. Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding House of Forgings its attorneys' fees and costs in this action;

 g. Awarding House of Forgings such other and further relief as the Court deems just and equitable.

Dated: December 1, 2022

          Respectfully submitted,

          **BEARD KULTGEN BROPHY**
          **BOSTWICK & DICKSON, PLLC**

          */s/ Dan N. MacLemore*
          Dan N. MacLemore
          State Bar No. 24037013
          220 South 4th Street
          Waco, Texas 76701
          Tel (254) 776-5500
          Fax (254) 776-3591
          maclemore@thetexasfirm.com

          **ATTORNEYS FOR PLAINTIFF**
          **HOUSE OF FORGINGS, LLC**